DARRYL L. THOMPSON, P.C.
841 I Street
Anchorage, Alaska  99501
Ph:  (907) 272-9322
Fax: (907) 277-1373
Email: DarrylThompson@akdltlaw.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| HOMER MILLS and NORMA MILLS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) **Case No.** |

**COMPLAINT**

COMES NOW, Homer and Norma Mills, by and through the LAW OFFICE OF DARRYL L. THOMPSON, P.C., who for their complaint against the defendants complains and alleges:

1. Homer Mills is an Alaska Native who was receiving medical care from the Alaska Native Medical Center in Anchorage, Alaska.  At all times relevant to this complaint Homer was a resident of the State of Alaska.

2. Norma Mills is the wife of Homer Mills and at all times relevant to this complaint Norma was a resident of the State of Alaska.

1

3. Alaska Native Tribal Health Consortium d/b/a Alaska Native Medical Center is a consortium of Alaska Tribal health organizations organized pursuant to §325 of Pu. L. 105-83 and they operated Alaska Native Medical Center (Hereinafter ANMC at the time of the incidents described herein. ANMC carries out federal health care programs for Alaska Natives and American Indians, authorized by the Indian Health Care Improvement Act, 25 U.S.C. §16161, Section 121 of Pub. L. 94-437, as amended and Title V of the Indian Self-Determination and Education Assistance Act, 25 U.S.C. §450 et seq., Pub. L. 93-638 as amended.

4. The United States of America, Department of Health and Human Services administers or overseas the programs and services of ANMC.

5. Homer and Norma filed an Administrative Tort Claim under the Federal Tort Claims Act and the administrative claim was denied on April 26, 2011. This being a claim against the United States, which alleges injury as a result of medical malpractice and negligence, this Court has jurisdiction of this action under the Federal Tort Claims Act. 28 U.S.C. § 2671 et seq.

6. The United States through ANMC was responsible for providing medical treatment to Homer Mills and in February 2010, ANMC failed to follow the appropriate standard of care when conducting a transrectal ultrasound-guided needle biopsy of his

prostate causing Homer to suffer serious physical injury and serious emotional upset.

7. Norma Mills was a bystander who witnessed the conduct of ANMC and the result. She suffered emotional distress for which she is entitled to recover under Alaska law.

8. In early February 2010, Homer was referred to ANMC after blood testing revealed elevated Prostate Specific Antigens. Homer was referred to ANMC to undergo a Prostate Exam and Prostate Biopsy. Homer traveled with his wife, Norma, from Kotzebue Alaska to Anchorage to present at ANMC.

9. On or about February 5, 2010, Homer presented to the Urologist at ANMC to undergo a Prostate Biopsy. The Urologist performed a transrectal ultrasound-guided needle biopsy during which an ultrasound sensor is placed in the rectum and a port that contains biopsy needles is passed down the shaft of the ultrasound sensor. The needles pierce through the rectal wall and passes into the prostate to extract biopsy samples.

10. When performing the procedure on Homer, the Urologist failed to follow the standard of care normally exercised in both preparing the patient for the procedure and in caring for the patient after the procedure.

11. The day following the procedure, Homer became extremely ill and was taken to ANMC via ambulance and immediately referred to Alaska Regional Hospital. After spending several days at

Alaska Regional Hospital, Homer was diagnosed with sepsis/E-coli infection in his blood. The infection was a direct and proximate result of the breach of the standard of care normally exercised in performing a prostate biopsy.

12. Norma Mills witnessed the negligence on the part of ANMC and witnessed the immediate effects of that negligence. She was at her husband's side throughout his ordeal and as a direct and proximate result she suffered emotional distress as a bystander.

## COUNT I

13. All preceding paragraphs of this complaint are incorporated into this first cause of action and plaintiffs further complain and allege:

14. When Homer presented to the ANMC for medical treatment, defendants failed to exercise the degree of skill and care normally exercised by medical professionals.

15. As a direct a proximate result of defendants' failure to exercise the degree of skill and care normally exercised by competent medical personnel Homer suffered injuries that would otherwise not have occurred, which injuries have caused permanent effects. ANMC caused Homer to suffer severe emotional distress, and severe pain and suffering and he is entitled to damages. The amount of damages claimed in the administrative tort claim was One Million Dollars.

## COUNT II

16. All preceding paragraphs of this complaint are incorporated into this second cause of action and plaintiffs further complain and allege:

17. Norma Mills watched the deterioration of her husband's medical condition caused by ANMC's negligence, and she experienced emotional upset with each additional medical procedure to which her husband was subjected as a result of ANMC's negligence.

18. That as a proximate result of ANMC's failure to exercise the degree of skill and care normally exercised by competent medical professionals, Norma Mills has suffered injuries in the form of the loss of the care, comfort and society, loss of the quality of life and extreme emotional distress and upset that would otherwise not have occurred.

19. Norma Mills is entitled to an award of damages and the amount claimed in the administrative tort claim was one-million dollars. The exact amount of damages to be awarded to Norma should be established at the time of trial.

WHEREFORE, plaintiffs prays for the following relief:

1. An award of damages including an amount for past and future medical expenses, pain and suffering, mental suffering.

2. An award of attorney fees and costs incurred in the prosecution of this matter.

3. Such other relief, whether, legal or equitable, and whether similar or different than the relief specifically prayed for herein, and to which plaintiffs are therewise entitled.

DATED at Anchorage, Alaska, this 5th day of October, 2011

        s/ Darryl L. Thompson
        841 I Street
        Anchorage, Alaska 99501
        907-272-9322
        907-277-1373 - Fax
        darrylthompson@akdltlaw.com
        Alaska Bar No.8706055