KAREN L. LOEFFLER
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Telephone: (907) 271-5071
Facsimile: (907) 271-2344
richard.pomeroy@usdoj.gov

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HOMER MILLS and NORMA MILLS,<br><br>                Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>                Defendant. | Case No. 3:11-cv-00201-SLG<br><br>**MOTION FOR SUMMARY JUDGMENT and MEMORANDUM IN SUPPORT** |

Defendant United States, through counsel, moves for summary judgment pursuant to Fed.R.Civ.P. 56.

This motion is supported by the following memorandum.

**MEMORANDUM OF LAW**

I.      **BACKGROUND FACTS AND ALLEGATIONS**

Plaintiffs, Homer and Norma Mills, have sued the United States for medical malpractice. They claim that doctors at the Alaska Native Medical Center (ANMC) were negligent in their

treatment of Mr. Mills. They allege that:

> The United States through ANMC was responsible for providing medical treatment to Homer Mills and in February 2010, ANMC failed to follow the appropriate standard of care when conducting a transrectal ultrasound-guided needle biopsy of his prostate causing Homer to suffer serious physical injury and serious emotional upset.[1]

Specifically, the Mills allege that

> In early February 2010, Homer was referred to ANMC after blood testing revealed elevated Prostate Specific Antigens. Homer was referred to ANMC to undergo a Prostate Exam and Prostate Biopsy. Homer traveled with his wife, Norma, from Kotzebue Alaska to Anchorage to present at ANMC. On or about February 5, 2010, Homer presented to the Urologist at ANMC to undergo a Prostate Biopsy. The Urologist performed a transrectal ultrasound-guided needle biopsy during which an ultrasound sensor is placed in the rectum and a port that contains biopsy needles is passed down the shaft of the ultrasound sensor. The needles pierce through the rectal wall and passes into the prostate to extract biopsy samples. When performing the procedure on Homer, the Urologist failed to follow the standard of care normally exercised in both preparing the patient for the procedure and in caring for the patient after the procedure.[2]

The present action was filed on October 11, 2011. Plaintiffs' expert reports were originally scheduled to have been disclosed on August 6, 2012.[3] This deadline was extended to October 5, 2012.[4] To date, Plaintiffs have disclosed no expert opinions to support their claim of medical malpractice.

---

[1] Complaint at ¶ 6.

[2] *Id.* at ¶ 8-10.

[3] See Docket 11 at 4.

[4] Docket 14.

Mills v. United States  -2-
Case No. 3:11-cv-00201 SLG

## II. DISCUSSION

### A. Standards For Summary Judgment

Summary judgment is appropriate when there "is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The utility of summary judgment in federal courts has been increased dramatically by the Supreme Court's clarification of the burden of the parties under Fed. R. Civ. P. 56.

> First, the courts have made it clear that if a non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine disputable fact with respect to the existence of that element, then summary judgment is appropriate. . . . Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Finally, if the factual context makes the non-moving parties claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. . . . No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment.

Cal. Arch. Bldg. Prod., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987) (citations omitted).

In the federal system, summary judgment is not a "disfavored procedural shortcut." Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 2555 (1986). This court is required to enter summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 2552-2553. Summary judgment is not defeated by any factual dispute; the issue must be genuine and

material. Bukoskey v. Shuham, 666 F. Supp. 181, 184-85 (D. Alaska 1987).

In the present case, there are no genuine issues of material fact. The Mills have not met their burden of proof in establishing that ANMC provided negligent care. At issue is a legal question well suited to summary judgment.

### B. Plaintiffs Have Failed to Meet their Burden

In Alaska, medical malpractice actions are governed by AS 09.55.540, which places the burden of proof on the plaintiff. The statute states:

> (a) In a malpractice action based on the negligence or wilful misconduct of a health care provider, the plaintiff must prove by a preponderance of the evidence
> (1) the degree of knowledge or skill possessed or the degree of care ordinarily exercised under the circumstances, at the time of the act complained of, by health care providers in the field or specialty in which the defendant is practicing;
> (2) that the defendant either lacked this degree of knowledge or skill or failed to exercise this degree of care; and
> (3) that as a proximate cause of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not have otherwise been incurred.
> (b) In malpractice actions there is no presumption of negligence on the part of the defendant.

In *Kendall v. State, Division of Corrections,* 692 P.2d 953 (Alaska 1984), the Alaska Supreme Court held that "[i]n medical malpractice actions ... the jury ordinarily may find a breach of professional duty only on the basis of expert testimony." *Id.* at 955; *Gallant v. U. S.*, 392 F. Supp. 2d 1077, 1080 (D.Alaska, 2005).. The primary exception to this rule is if the negligence claimed would be evident to lay people. *Id*. Thus, a plaintiff is required by law to support his claim with expert testimony unless the causation of his alleged injury was of a non-technical nature. The medical negligence that the Mills allege in this case does not fall within this category.

Mills v.United States                                        -4-
Case No. 3:11-cv-00201 SLG

The Mills bear the burden of proving, through expert testimony, their allegations that the 2010 biopsy procedure was negligently performed and that Mr. Mills injuries were caused by this negligence. To meet this burden, they must present an expert opinion. They have not done so.

## III. CONCLUSION

The Mills have failed to meet their burden of supporting their allegations of medical negligence with expert opinions. This failure merits summary judgment and dismissal of the claims against the defendant.

RESPECTFULLY SUBMITTED this 9th day of November, 2012, in Anchorage, Alaska.

    KAREN L. LOEFFLER
    United States Attorney

    s/ Richard L. Pomeroy
    Assistant U.S. Attorney
    Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2012,
a copy of the foregoing Motion
was served via electronic service on:

Darryl Thompson

s/ Richard L. Pomeroy